**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **SARA OSWALD STODDARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 05-0287-CG-M** |
| | ) | |
| **TRACY HAWSEY and JOHN GREENE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**ORDER**</u>

This matter is before the court on motions by defendants, Tracy Hawsey, Sheriff of

Conecuh County, and John Greene, Deputy Sheriff of Conecuh County, to dismiss plaintiff's

amended complaint (Docs. 16, 18), plaintiff's responses thereto (Docs. 26, 27), and defendants'

replies (Docs. 28, 29).  Upon consideration of all matters presented, and for the reasons stated

herein, the court concludes that defendants' motions to dismiss are due to be **GRANTED**.

**I.    THE COMPLAINT**

Plaintiff, Sara Oswald Stoddard, a/k/a Sally Stoddard, filed her complaint against

defendants Tracy Hawsey, Sheriff of Conecuh County, and John Greene, Deputy Sheriff of

Conecuh County, in their individual capacities.  Plaintiff alleges various unspecified federal and

particular state law claims arising out of an investigation conducted by the Conecuh County

Sheriff's Department.  (Doc. 20.).  In plaintiff's first cause of action, she generally avers that

defendants Greene and Hawsey violated the constitutional and/or statutory rights afforded the

plaintiff under the Fourteenth Amendment and/or 42 U.S.C. § 1983.  Plaintiff's second cause of

action seems to assert federal and/or state law claims for negligent supervision and training.[1] Although not at all clear, the third cause of actions seems to set forth three more federal and/or state law claims: (1) illegal arrest; (2) false imprisonment; and (3) malicious prosecution. Plaintiff seeks punitive damages in the amount of $500,000.00, as well as $4,000,000.00 in compensatory damages.

An investigation conducted by the Conecuh County Sheriff's Department provides the genesis for plaintiff's complaint.  Plaintiff indicates that the sequence of events giving rise to her claims began on or about December 20, 2003, and continued through March 2004.  Plaintiff was a licensed attorney practicing in Conecuh County, Alabama.   Tracy Hawsey was the elected Sheriff of Conecuh County and John Greene was one of Hawsey's deputies.  Sheriff Hawsey was Deputy Greene's supervisor.  Deputy Greene claimed that he had been "an employee" of the New York Police Department.  Sheriff Hawsey and Deputy Greene were acting under the color of state law.

Plaintiff alleges that, as part of an investigation, Deputy Greene sent an informant to the plaintiff's law office.   The plaintiff contends that the informant planned to ask plaintiff to perform legal services in exchange for drugs and/or "plant" drugs in plaintiff's office.  The informant was wearing a recording device.  Sheriff Hawsey knew of and supported Deputy Greene's actions.

After the informant left plaintiff's office, Sheriff Hawsey and Deputy Greene participated in the execution of a search warrant.  The plaintiff was ultimately arrested, and the defendants notified the Alabama State Bar.  As a result, the Alabama State Bar suspended plaintiff from the

---

[1] The claims articulated in plaintiff's second cause of action appear to be directed at Sheriff Hawsey alone.

practice of law.

The complaint goes on to allege that defendants "withheld from the prosecutor and the Alabama State Bar portions of the recordings that indicated that the [p]laintiff had rejected the offer of the informant to pay for legal services with drugs." (Id. at ¶ 17). After an investigation, the Alabama Attorney General's Office dismissed the charges against the plaintiff. Additionally, the Alabama State Bar lifted the interim suspension after conducting hearings.

## II.    LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); see also Chepstow Ltd. v. Hunt, 381 F.3d 1077, 1080 (11th Cir. 2004). In other words, a motion to dismiss only requires a court to determine whether a plaintiff's allegations, if proven, are sufficient to state a recognized claim at law upon which relief can be granted. In analyzing a motion to dismiss, the court must view the complaint in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (The court must, "[a]t this stage of the litigation, . . . accept [plaintiff's] allegations as true."); Stephens v. HHS, 901 F.2d 1571, 1573 (11th Cir. 1990); cf. South Florida Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 409 n. 10 (11th Cir. 1996) (conclusory allegations and unwarranted deductions of fact are not deemed true on a motion to dismiss). The rules of pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). The court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47

(1957).

## III.   ANALYSIS

The motions to dismiss seek dismissal of plaintiff's federal claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Docs. 16, 18).  In addition, defendants seek dismissal of plaintiff's remaining state law claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  (Id.).  At the outset, the court will address the grounds for dismissal of plaintiff's federal claims.[2]

### A.      Plaintiff's Federal Claims Under § 1983 are due to be Dismissed

The plaintiff's amended complaint bases her federal cause of action on alleged violations of Title 42, United States Code § 1983.  Section 1983 serves as the basic vehicle for federal court review of alleged state and local violations of federal law.  See Mitchum v. Foster, 407 U.S. 225, 239 (1972).  "Section 1983 opened the federal courts to private citizens, offering a uniquely federal remedy against incursions under the claimed authority of state law upon rights secured by the Constitution and laws of the Nation."  Mitchum, 407 U.S. at 239.  It does not, however, create federal court jurisdiction, nor does it confer any substantive rights.  See Almand v. DeKalb County, 103 F.3d 1510, 1512 (11th Cir. 1997).  Rather, it creates a cause of action, a legal entitlement to relief, against those whom, acting pursuant to state government authority,

---

[2] In responses in opposition to the motions to dismiss, the plaintiff argues that defendants are not entitled to relief through defenses relating to Eleventh Amendment immunity and Heck v. Humphrey.  (See Docs. 26, 27).  Because defendants have not even asserted either of these defenses as grounds for their motions, the court will not assess their merits here.  Also, the court notes that plaintiff's response claims that the motions to dismiss are premature because "jurisdictional issues are intertwined with the merits."  Id. at 2.  After consideration of plaintiff's argument on that point, the court finds no valid reason to defer analysis of the legal sufficiency of the amended complaint.  Here, the jurisdictional issues are not inextricably bound up with the merits and the purported legal defects identified by defendants' motions can and should be resolved at this time.

violate federal law.  Mitchum, 407 U.S. at 239.

Plaintiff's vaguely-worded amended complaint states a conclusory claim that defendants, in their individual capacities[3],  "violated the constitutional and/or statutory [sic] afforded the [p]laintiff under the Fourteenth Amendment and/or 42 U.S.C. § 1983."  (Doc. 20 at 4).  Although the court cannot determine from the complaint what specific federal violations plaintiff claims defendants committed, the complaint might be construed as stating claims for unlawful arrest, as well as for conspiracy to violate the plaintiff's civil rights.[4]  (Id. at 4-6).  In addition,  plaintiff appears to advance state and/or federal claims, against Hawsey only, for negligent hiring, negligent supervision and failure to implement policies.  (Id. at 4-5).[5]

Defendants proffer the following grounds for dismissal of the plaintiff's § 1983 claims: (1) failure to meet the heightened pleading standard for § 1983 actions implicating qualified immunity; (2) qualified immunity as to § 1983 claims; and (3) the intracorporate conspiracy

---

[3] In plaintiff's amended complaint, she specifies that "all claims [] are made against [defendants] in [their] individual capacity and any claims against [defendants] in [their] official capacity are due to be and should be stricken."  (Doc. 20 at 1-1).  The only difference between a § 1983 claim against an individual, in his official capacity, as an agent or employee of a municipality or local government entity and one against the municipality or local government entity itself is in name.  Brown v. Neumann, 188 F. 3d 1289, 1290 (11th Cir. 1999).

[4] Plaintiff's response in opposition to the motions to dismiss, although not the proper vehicle in which to assert claims, provides that, "[d]efendants conspired to violate [p]laintiff's civil rights under §1983 . . . [and] [conspired] to illegal[ly] entrap, falsely charge and falsely prosecute."  (Doc. 26 at 7; Doc. 27 at 7).

[5] The characterization of plaintiff's federal claims is derived from defendants' briefs in support of their motions to dismiss.  (See Docs. 17, 19).  In its present form, the amended complaint sets forth little more than unspecified claims and conclusory allegations.  Even after defendants pointed out the vagueness of the allegations concerning federal claims, plaintiff failed to clarify those claims.  Neither the court nor the defendants should have to guess as to the constitutional basis for plaintiff's § 1983 claims.

doctrine.[6]  The court will consider the first two grounds in turn.

## 1.    Heightened Pleading Standard

Defendants contend that plaintiff's amended complaint fails to satisfy the applicable

heightened pleading threshold.    Under Eleventh Circuit precedent, a heightened pleading

requirement attaches to § 1983 claims involving qualified immunity, such that a § 1983 plaintiff

must "allege with some specificity the facts which make out its claim . . . Some factual detail in

the pleadings is necessary to the adjudication of § 1983 claims."  GJR Investments, Inc. v.

County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998); see also Gonzalez v. Reno, 325

F.3d 1228, 1235 (11th Cir. 2003) (citing with approval authority from other jurisdictions holding

that complaint must include specific, non-conclusory allegations of fact enabling district court to

determine that those facts, if proved, will overcome defense of qualified immunity).  "[A]

complaint will be dismissed as insufficient where the allegations it contains are vague and

conclusory."  Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).  "[U]nsupported

conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule

12(b)(6) dismissal."  Marsh v. Butler County, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

Having reviewed the amended complaint, the court finds that it does not go beyond

"mere conclusory notice pleading," in that if fails to allege "with some specificity the facts

which make out [plaintiff's] claim," as required by Eleventh Circuit precedent.  Gonzalez, 325

F.3d at 1235; GJR, 132 F.3d at 1367.  The following claims comprise the substantive content of

plaintiff's allegations:

8.    Defendant Hawsey negligently failed to determine whether or not

---

[6] Because of the court's ruling on the first two grounds, the court does not reach the
question of whether the intracorporate conspiracy doctrine would bar plaintiff's § 1983
conspiracy claim.

[d]efendant Greene was actually a properly trained or certified police officer . . . .

9.      Defendant Hawsey negligently failed to supervise the activities of [d]efendant Greene and negligently failed to train, or assure the training of, [d]efendant Greene.

*          *          *

12.     At all times [d]efendant Hawsey knew and supported [d]efendant Greene's actions, knowing or having reason to believe that the actions of Greene were illegal and knowing that his, Hawsey's, actions were likewise illegal.

*          *          *

17.     Both [d]efendants withheld from the prosecutor and the Alabama State Bar the portions of the recordings that indicated that the [plaintiff] had rejected the offer of the informant to pay for legal services with drugs. This illegal failure to reveal this information allowed the process of the criminal prosecution and the suspension of her license to practice law to continue.

18.     Defendants Greene and Hawsey did conspire together to falsely charge [plaintiff] with a drug offense, knowing their actions to be illegal and contrary to the laws of Alabama and the United States.

19.     Defendants did conspire together to falsely make complaints to the Alabama State Bar in an illegal and improper effort to have the license of [plaintiff] suspended or revoked.

*          *          *

22.     That as a consequence of the willful and negligent actions of [d]efendants Greene and Hawsey, [p]laintiff Stoddard was caused to suffer false arrest, interim suspension of her license to practice law, loss of income, false imprisonment, public humiliation and embarrassment.

*          *          *

27.     . . . [d]efendants Greene and Hawsey violated the constitutional and/or statutory [sic] afforded the [p]laintiff under the Fourteenth Amendment and/or 42 U.S.C. § 1983.

(Doc. 20).  Beyond plaintiff's own bold statements and legal determinations that defendants' acts

7

were negligent, illegal, or part of a conspiracy, plaintiff fails to provide any specific, non-conclusory allegations of fact.

In her response to defendants' motions to dismiss, plaintiff suggests that the heightened pleading requirement requires only that she identify where in the Constitution a right might be found.[7]  (Doc. 26 at 10; Doc. 27 at 10).  Based on this mischaracterization of the applicable standard, plaintiff argues that her amended complaint properly alleges that defendants "conspired . . . to deprive [her] of constitutional and/or statutory rights afforded her under the meaning of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983."  (Doc. 26 at 10-11; Doc. 27 at 10-11).  In fact, plaintiff's responses in opposition to the motions to dismiss mark the first time plaintiff mentions the Fifth and the Fourth Amendments as grounds for her claims.  Nonetheless, the factual allegations set forth in the amended complaint are not sufficiently specific to allow a determination of whether defendants' acts, if proved, can overcome a defense of qualified immunity.  Accordingly, defendants' motions to dismiss for failure to satisfy heightened pleading requirements are due to be granted.

### 2.      Qualified Immunity as to § 1983 Claims

Even if plaintiff had met the heightened pleading standard, her claims would be subject to dismissal under the doctrine of qualified immunity.  Where, as here, government officials are sued in their individual capacity for money damages based upon alleged civil rights violations, they may assert an affirmative defense of qualified immunity.  See Swint v. City of Wadley, Ala., 51 F.3d 988, 994 (11th Cir. 1995).  The Supreme Court has held "that government officials

---

[7] Plaintiff neglected to provide any page numbers for any of the material quoted from cases in her responses in opposition to defendants' motions to dismiss.

performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). It follows that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). To assess the defendants' qualified immunity defense, the court must examine whether the defendants can demonstrate that they were performing discretionary functions, and, if so, whether plaintiff can show that defendants' conduct violated clearly established rights of which a reasonable person would have known. Chesser v. Sparks, 248 F.3d 1117, 1121-22 (11th Cir. 2001)

### a.   The "Discretionary Function" Element

To establish the defense of qualified immunity, defendants must first demonstrate that they were "acting within [their] discretionary authority when the allegedly wrongful acts occurred." Kesinger ex rel. Estate of Kesinger v. Herrington, 381 F.3d 1243, 1248 (11th Cir. 2004). The types of acts that constitute discretionary functions are those which fall "within the employee's job responsibilities." Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1265 (11th Cir. 2004). In assessing whether an official engaged in a discretionary function, the court must ask "whether the government employee was (a) pursuing a legitimate job-related function (that is, pursuing a job-related goal),[8] (b) through means that were within his power to utilize." Id. at 1265-66.

There can be no dispute that the defendants acted within their discretionary authority.

---

[8] "Put another way, to pass the first step of the discretionary function test for qualified immunity, the defendant must have been performing a function that, but for the alleged constitutional infirmity, would have fallen with his legitimate job description." Holloman, 370 F.3d at 1266.

9

Defendants' participation in the reverse sting operation[9] and execution of a search warrant are the types of activities that fall within the ambit of a discretionary function. The wrongful acts that plaintiff attributes to the defendants relate to ordinary law enforcement functions, the performance of their official duties, and actions within the scope of their authority. Therefore, the court concludes that the defendants have satisfied their burden of demonstrating that they were engaged in discretionary functions at all times material hereto.

### b.    The "Clearly Established" Element

"Once the official has established that he was engaged in a discretionary function, the plaintiff bears the burden of demonstrating that the official is not entitled to qualified immunity." Crosby v. Monroe County, 394 F.3d 1328, 1332 (11th Cir. 2004). The court determines the applicability of qualified immunity under the rubric set forth by the Supreme Court. First, the court must inquire "whether [the] plaintiff's allegations, if true, establish a constitutional violation." Hope v. Pelzer, 536 U.S. 730, 736 (2002). If, in the light most favorable to the plaintiff, the evidence shows that the defendants' conduct violated a constitutional right, "the next, sequential step is to ask whether the right was clearly established." Cottone v. Jenne, 326 F.3d 1352, 1357-58 (11th Cir. 2003) (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)).

Plaintiff attempts to satisfy her burden by identifying a wide range of claims based upon purported violations of the Fourteenth Amendment claims. (See Doc 20). In plaintiff's responses in opposition to the motions to dismiss, plaintiff compounds her already muddled

---

[9] "In a reverse sting, the government organizes the sale of contraband." United States v. Roper, 874 F.2d 782, 785 (11th Cir. 1989). The Eleventh Circuit has rejected challenges to the reverse sting method of police investigation on numerous occasions. See, e.g., United States v. Savage, 701 F.2d 867, 869-70 (11th Cir. 1983); United States v. Gianni, 678 F.2d 956, 960 (11th Cir, 1982).

claims:

> Here, it is obvious that trained law enforcement officers would have been aware that sexually and, otherwise improper violations-falsely arresting, charging and making claims against the [p]laintiff, and the conspiracy to falsely charge the [p]laintiff and by use of false claims deprive her of her law license though false statements and false testimony would be unlawful and the [p]laintiff would be protected against such abuse by statute-these are matters of common sense, not to mention a violation of perjury & subornation of perjury laws.

(Doc. 26 at 8; Doc. 27 at 8). As such, the court finds it difficult to glean from the vague amended complaint exactly how defendants are alleged to have violated plaintiff's constitutional rights, or exactly what the alleged deprivation was.

In order to allow the court to perform the highly fact-intensive qualified immunity analysis, a § 1983 complaint must "isolate the precise constitutional violation with which [the defendant] is charged." Baker v. McCollan, 443 U.S. 137, 140 (1979). Here, the plaintiff cites the Fourteenth Amendment without any identification of the Fourteenth Amendment rights claimed to have been violated.[10] The court cannot be compelled to scour the entire constitutional

---

[10] As discussed supra at Part III.A, the court construes plaintiff's amended complaint to assert claims for unlawful arrest, as well as conspiracy to violate the plaintiff's civil rights. (Am. Compl. at 4-6). In addition, plaintiff appears to bring federal claims against defendant Hawsey only, for deliberate indifference, negligent hiring, negligent supervision and failure to implement policies. (Id. at 4-5). The court refuses to articulate plaintiff's claims for her, but will address what might be the constitutional grounds for some of the allegations in her complaint.

To the extent that plaintiff may claim deprivation of liberty under the Fourteenth Amendment, the set of facts plaintiff presents is insufficient to overcome defendants' qualified immunity defense. For instance, "[t]he Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted . . . ." Baker, 443 U.S. at 145. Moreover, plaintiff does not allege any particularized allegations by which this court might conclude defendants conspired to deny plaintiff of her civil rights. See GJR, 132 F.3d at 1370 (A plaintiff claiming a conspiracy under § 1983 must make particularized allegations that a conspiracy exists); see also Fullman, 739 F.2d at 556-57 (Vague and conclusory allegations suggesting a § 1983 conspiracy are insufficient to withstand a motion to dismiss). A "plaintiff attempting to prove such a conspiracy must show that the parties 'reached an understanding' to deny the plaintiff [] her rights." NAACP v. Hunt, 891 F.2d 1555, 1563 (11th Cir. 1990) (citation omitted). Finally:

landscape to search for apposite foundational support for the plaintiff's vague assertions and accusations. Consequently, the plaintiff's unspecified Fourteenth Amendment claims are dismissed.

### B.     Plaintiff's State Law Claims are due to be Dismissed

The dismissal of all federal claims has important jurisdictional implications in the case, where subject matter jurisdiction rested exclusively upon federal question jurisdiction pursuant to 28 U.S.C. § 1331.  "The only subject matter jurisdiction issue [] is [defendants'] entitlement to absolute immunity on the plaintiff's state law claims."   (Doc. 28 at 3).  As the court has determined that all of the plaintiff's federal claims are due to be dismissed, the court finds it unnecessary to analyze the issues presented when examining the immunity of state officers under Alabama law.

Once all triable claims within a federal court's original jurisdiction have been dismissed, the district court has discretion to decline the exercise of supplemental jurisdiction.  See 28 U.S.C. § 1367(c).  Without any valid federal causes of action, the plaintiff's complaint does not contain a basis for the court to assert original jurisdiction over this cause.  In consideration of

--------

Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law.  Remedy for the latter type of injury must be in state court under traditional tort-law principles.  Just as "[medical] malpractice does not become a constitutional violation merely because the victim is a prisoner," (citation omitted), false imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official."

Baker, 443 U.S. at 146.  Accordingly, any claims of negligence or false imprisonment are due to be dismissed.

Beyond those addressed herein, the court will not proceed to address any other throw-away claims plaintiff might load into her complaint.

12

Eleventh Circuit precedent,[11] as well as judicial economy, convenience, fairness to the parties, and comity, the court believes that the plaintiff's remaining claims are best left to the Alabama courts.[12]

## **CONCLUSION**

For the reasons stated above, defendants' motions to dismiss are hereby **GRANTED**.

**DONE and ORDERED** this 25th day of July,  2007.


/s/ Callie V. S. Granade_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[11] The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."  Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004).

[12] State courts should generally be the final arbiters of state law claims, particularly when federal claims are dismissed before trial.  The Supreme Court has declared that:

Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.  Certainly if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).